

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Joe Fultz
County Attorney
Grimes County
Anderson, Texas

Dear Sir:

Opinion No. 0-4808
Re: Whose duty is it to construct
an access bridge between a
public road and the abutting
owners.

We acknowledge receipt of your letter of August 27,
1942, wherein you request an opinion of this department upon
the following facts and questions:

"A highway drainage ditch, 5 feet in depth,
runs parallel with the roadway and is situated on
the right-of-way of State Highway No. 6, within the
corporate limits of the city of Navasota, Texas.
The ditch is maintained exclusively by the State
Highway Department, as the same drains the pave-
ment and right-of-way. A landowner owns land ad-
joining the said right-of-way with the drainage
ditch thereon, and he cannot reach his land be-
cause there is no bridge over the ditch. Being
entirely on the State right-of-way, Grimes County
has disclaimed responsibility for constructing a
bridge over the ditch. The city of Navasota and
the State Highway Department have likewise dis-
claimed responsibility for the construction, and
of course the landowner has objected to building
a bridge. Grimes County is under no contractual
obligation with any agency.

"Whose responsibility is it to construct a
bridge over a drainage ditch located entirely upon
the right-of-way of the State Highway, where the
ditch obstructs the passageway to an adjoining
owner? Assume that the fee simple title to the

right-of-way is in the property owner, would
the answer be the same.

"County lateral roads are all lined with
drainage ditches on both sides. The roads are
constructed and maintained by Grimes County, the
ditches being periodically graded and cleaned,
The right-of-ways are all owned by Grimes County.
In order to get across the drainage ditches to
the land adjoining the right-of-way, culverts
and ditches must be built. The bridges being
wholly on the right-of-way, the bridges like-
wise would be located wholly on the right-of-
way. No agreement exists between the land-
owners who abut the rights-of-way in Grimes
County. Grimes County refuses to construct
the bridges. Fee simple title to the right-
of-way is in Grimes County.

"Whose responsibility is it to construct
bridges over drainage ditches, which lie wholly
on the rights-of-way in Grimes County, where
such bridges are necessary to reach property
abutting the right-of-way?

"A highway drainage ditch, 5 feet in depth,
runs parallel with the roadway and is situated
on the right-of-way of State Highway No. 90,
outside the limits of any incorporated city. The
right-of-way and ditch is graded and maintained
exclusively by the State Highway Department. The
fee simple title of the right-of-way is in the
State of Texas. The landowner has a lot of land,
containing one-half acre, adjoining the right-of-
way, and he cannot reach his land because there
is no bridge over the ditch.

"The ditch being wholly on the right-of-way
of the State, Grimes County has disclaimed res-
ponsibility for construction of the bridge. The
State Highway Department has also disclaimed res-
ponsibility. There is no contractual obligation
between any of the interested parties.

"Whose responsibility is it to construct a
bridge over a drainage ditch located wholly on the
right-of-way of a State Highway?"

Honorable Joe Fultz, Page 3


Access to and from a city street, a county road or State Highway is a right appurtenant to the abutting owner, whether the fee to said street or road or highway is in the city, county or state or privately owned.

Where the State, County or City has cut a ditch along any property the adjoining land owner has the privilege of and right to construct and maintain all necessary bridges or culverts across same to enable him to have ingress and egress to his land.

Of course, under some specific fact situations, where it could be discerned that either the State, the county, or the city have destroyed or impaired such right of access, the abutting owner might have an action in damages against the State, county or city, as the case may be.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  Eugene N. Catlett
Eugene N. Catlett
Assistant


ENC:nw


Gerald C. Mann

